Case 5:25-cv-00267   Document 7   Filed 01/14/26 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ANDREW SMIGELSKI | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:25-CV-267 |
| | § | |
| U.S. CUSTOMS AND BORDER PROTECTION, *et al.* | § § § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP application").[1] (Dkt. No. 2).

Pursuant to 28 U.S.C. § 1915, a claimant wishing to proceed *in forma pauperis* must submit "an affidavit that includes a statement of all assets such [claimant] possesses." 28 U.S.C. § 1915(a)(1). The decision whether the grant an application to proceed *in forma pauperis* falls within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see* 28 U.S.C. § 1915(a)(1). When a court determines whether to grant *in forma pauperis* status, it should not consider the substance of the complaint. *See Eason v. Holt*, 73 F.3d 600, 602 n.10 (5th Cir. 1996). Rather, a court should examine the applicant's financial records and determine whether the applicant would suffer "undue financial hardship" if they were required to pay the filing fee. *Prows*, 842 F.2d at 140. In determining whether an applicant

---

[1] Notably, Plaintiff completed and filed the IFP application form for the Southern District of Ohio. (Dkt. No. 2). Although Plaintiff did not file the IFP application form for the Southern District of Texas, the Undersigned has enough information to make a recommendation.

would suffer undue financial hardship, some courts consider whether the applicant's annual income is above the applicable poverty guideline as set by the United States Department of Health & Human Services. *See Mann v. City of Moss Point*, No. 1:14-CV-237-KS-MTP, 2014 WL 4794544, at *2 n.2 (S.D. Miss. Sept. 25, 2014); *see also Kristal Lansford v. Laredo College*, No. 5:23-CV-45, at *3 (S.D. Tex. June 28, 2023).

In his application, Plaintiff indicates that his average monthly income amounts to $1,000 from self-employment. (Dkt. No. 2 at 1). He also indicates he has a checking account with Post National Bank, which contains $1,334.76. (*Id.* at 2). As for Plaintiff's assets, he has a 2005 Subaru valued at $2,500. (*Id.* at 3). Plaintiff indicates that no person, business, or organization owes him money. (*Id.*). Additionally, Plaintiff indicates that no one relies on him for support. (*Id.*). Plaintiff's total monthly expenses amount to $726.14.[2] (*Id.* at 4).

The poverty threshold set by the United States Department of Health & Human Services for a one-person household[3] in 2025 is $15,650. *See* Annual Update of the HHS Poverty Guidelines, 90 F.R. 5917 (Jan. 17, 2025). Plaintiff's household annual income is $12,000. As a result, Plaintiff's household annual income is $3,650

---

[2] Plaintiff's monthly expenses include:
- Utilities – $50.00
- Food – $387.48
- Clothing – $71.19
- Laundry and dry-cleaning –$30.25
- Medical and dental expenses – $63.87
- Transportation – $54.27
- Recreation, entertainment, newspapers, magazines, etc. – $69.08

(Dkt. No. 2 at 4).

[3] On the IFP application, Plaintiff lists "0" for the portions regarding the applicant's spouse or dependents. (Dkt. No. 2 at 1–5). Thus, Plaintiff does not appear to have a spouse or dependents. (*Id.*).

2

below the poverty threshold. "An IFP applicant's income relative to the poverty guidelines, however, is not dispositive; courts must place that information in the context of the applicant's overall financial resources." *Berrios v. Magnus*, No. EP-22-CV-00139-DCG, 2022 WL 5287782, at *2 (W.D. Tex. Oct. 6, 2022) (citing *McKinley v. Cnty. Of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021)).

Although Plaintiff's income is below the poverty threshold, Plaintiff's monthly expenses do not exceed his income. Rather, Plaintiff has a monthly surplus of $273.86. Considering Plaintiff's income in the context of his overall financial resources, Plaintiff's monthly surplus of $273.86, along with the $1,334.76 Plaintiff has available in his Post National Bank checking account, supports that Plaintiff is able to pay the $405 filing fee without experiencing undue financial hardship. *See Cormier v. U.S. Dep't of Veterans Affs.*, No. 1:25-CV-00253-MJT-ZJH, 2025 WL 2180637, at *1 (E.D. Tex. July 2, 2025) (recommending plaintiff's IFP application be denied where the plaintiff's income was below the poverty threshold, but his monthly spending was limited to almost half of his income and his savings and cash amounted to $2,619.34), *R. & R. adopted*, 2025 WL 2174837 (E.D. Tex. July 31, 2025).

Accordingly, the Undersigned **RECOMMENDS** Plaintiff's Application to Proceed *in forma pauperis*, (Dkt. No. 2), be **DENIED**. Additionally, the Undersigned **RECOMMENDS** Plaintiff be given sixty (60) days to pay the filing fee.

The Clerk of Court is **DIRECTED** to serve a copy of this order by any receipted means to the address provided in Pro Se Plaintiff's Complaint.

**NOTICE TO PARTIES**

The Clerk will file this Report and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Report and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** on the 14th day of January, 2026.

Christopher dos Santos
United States Magistrate Judge